UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NICHOLAS KEITH LOWRY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-122 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendant William Hobb's Rule 12(b)(6) Motion to Dismiss. (D.E. 18.) For the reasons stated below, the Court DENIES AS MOOT Defendant's Motion to Dismiss without prejudice.

### I.  Procedural Background

The Original Complaint in this action was filed on May 3, 2010. (D.E. 1.) Defendant William Hobbs filed a Motion to Dismiss on June 23, 2010. (D.E. 18.) On September 3, 2010, this Court held a hearing addressing Plaintiff Keith Lowry's Opposed Motion for Leave to File Plaintiff's First Amended Original Complaint. (D.E. 26) The Court granted Plaintiff's Motion. (D.E. 27.) Plaintiff filed his First Amended Complaint on September 7, 2010. (D.E. 28.) The First Amended Complaint alters Plaintiff's § 1983 claim for malicious prosecution and his Texas state law claim for malicious prosecution to focus specifically on Defendants' charge of resisting arrest. (D.E. 28, p. 9, 11.) In addition, Plaintiff alters his factual allegations to state that the dog that Defendants allegedly allowed to attack and bite Plaintiff was not a police dog, but rather a neighborhood dog. (D.E. 28, p. 3.) Defendant Hobbs and Defendant City of Corpus Christi filed Answers on September 16, 2010. (D.E. 29; D.E. 30.) However, Defendant Hobbs has not filed a new Motion to Dismiss in light of the Amended Complaint.

## II. Discussion

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); see Carroll v. Fort James Corp, 470 F.3d 1171, 1176 (5th Cir. 2006). If an amended complaint does not incorporate the earlier pleading, a court may deny a motion to dismiss that was entered prior to the filing of the amended complaint as moot. See Timberlake v. Synthes Spine, Inc., 2010 U.S. Dist. LEXIS 17440, *10-11 (S.D. Tex. Feb. 25, 2010) ("Because the currently pending motion to dismiss addresses only the claims in Plaintiffs' Fourth Amended Original Complaint, the Court DENIES the Spine Defendants' Motion to Dismiss . . . as moot."); see also Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust, 295 Fed. Appx. 726, 729 (5th Cir. 2008).

In this case, the First Amended Complaint (D.E. 28) was filed after Defendant's pending Motion to Dismiss (D.E. 18). The First Amended Complaint does not refer to, adopt, or incorporate by reference earlier pleadings. (D.E. 28.) Thus, Plaintiff's First Amended Complaint is the only effective complaint. See King, 31 F.3d at 346. Because Defendant's Motion to Dismiss addresses the non-operative Original Complaint, it is moot in light of Plaintiff's First Amended Complaint. See Timberlake, 2010 U.S. Dist. LEXIS 17440, *10-11.

## III. Conclusion

For the reasons stated herein, this Court DENIES AS MOOT Defendant's 12(b)(6) Motion to Dismiss without prejudice. (D.E. 18.)

SIGNED and ORDERED this 21st day of October, 2010.

_____
Janis Graham Jack
United States District Judge